IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2134-BO

| | |
|---|---|
| ISAAC LEE WOODS, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| SARA M. REVELL, ) | |
| Respondent. ) | |

Issac Lee Woods, petitioner, is a federal inmate incarcerated at the Federal Medical Center in Butner, North Carolina. He petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the undersigned on respondent's motion to dismiss, or in the alternative, motion for summary judgment. Woods responded to the motion, and the matter is ripe for determination.

DISCUSSION

I.   Standard of Review

Because the court has considered matters outside of the pleadings, the motion shall be considered as one for summary judgment. Fed. R. Civ. P. 12(d). Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, but "must come forward with

'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A trial court reviewing a summary judgment motion should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. The court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. Matsushita, 475 U.S. at 588.

II.  Background

On May 18, 2005, petitioner was arrested by federal agents based upon a 36-count indictment filed in criminal case number 5:05-CR-131-FL, in this district, the Eastern District of North Carolina. (D.E. 9, Declaration of Patricia Kitka, ¶ 5 ("Kitka Decl."), Exhibit 1). On the same day, he was released pending trial on a personal recognizance bond, wherein he was subject to the supervision of U.S. Probation Office. Id. ¶ 6. For the next two years, petitioner's conditions of release were modified several times, due to specific requests. Id. ¶¶ 7-13.

On May 30, 2006, petitioner was found guilty after a criminal jury trial. Id. ¶ 9. On this same date, the court amended the prior "Order Setting Conditions of Release" by adding home confinement as a condition of his release. Id. Petitioner remained on release pending sentencing, but was placed on home confinement and was subject to electronic monitoring. Id. On April 30, 2007, petitioner was sentenced in this district before the Honorable Louise W. Flanagan to a term of 84-months imprisonment for his multiple convictions. Id. ¶ 14. Following the sentencing, Woods was remanded to the custody of the U.S. Marshals Service. Id.

The BOP prepared a sentence computation for Woods which commenced his 84-month federal sentence on the date his sentence was imposed, April 30, 2007. Id. ¶ 15. Woods'

2

sentence was credited with 1 day of prior custody credit, representing the day he was in "official detention" as a result of his federal arrest on May 18, 2005, and subsequent release on a personal recognizance bond. Id. Based upon the BOP's calculation, petitioner is scheduled to satisfy the 84-month term, along with the projected earning of good conduct time, on June 3, 2013. Id.

The BOP found that petitioner was not entitled to credit against the federal sentence now at issue for the time during which he was released on bond, and on home confinement. Id. ¶ 18. The affidavit of Patricia Kitka, a Management Analyst at the Designation and Sentence Computation Center for the Department of Justice, Federal Bureau of Prisons, asserts that BOP based this on Reno v. Koray, 515 U.S. 50 (1995), which holds that time spent under restrictive conditions of release is not official detention which entitles an inmate to prior custody credit under 18 U.S.C. § 3585(b). Kitka Decl. ¶ 18. Therefore, petitioner has not been granted credit for the time spent on home confinement and release on bond, for any portion of the period from May 19, 2005, the day following his release on a personal recognizance bond, through April 29, 2007, the date prior to the imposition of his federal sentence. Id.

III.    Issues

Woods seeks to have the court order the Federal Bureau of Prisons ("BOP") to credit his federal sentence with prior custody credit. Specifically, he seeks credit for the period of May 30, 2006, through April 30, 2007, when he was ordered to home confinement.[1] Petitioner contends the BOP should credit his federal sentence with time he spent on release pending sentencing and subject to restrictive conditions including home confinement and electronic monitoring.

---

[1] To the extent the government references any time period from May 18, 2005, through May 30, 2006, the court recognizes the petition seeks credit only for the post-trial home detention from May 30, 2006, through April 30, 2007. (D.E. 11, response, p.1)

3

Additionally, petitioner contends: 1) the absence of notice that home detention would not be credited against a subsequent sentence was a violation of his Fifth Amendment due process rights; 2) the BOP's policy of allowing sentenced inmates to spend a portion of their final term of imprisonment in home detention, but denying prior custody credit for time in home detention, constitutes a violation of his equal protection rights; and 3) the holding in Reno v. Koray, 515 U.S. 50 (1995), is inapplicable in his case.

IV. Analysis

The BOP has authority to award credit towards a sentence of incarceration for time spent in detention as follows:

> (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
> > (1) as a result of the offense for which the sentence was imposed; or
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585 (emphasis added).

A term of federal imprisonment commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). A "federal sentence does not commence until the Attorney General receives the defendant into [his] custody for service of that sentence." United States v. Evans, 159 F.3d 908, 911 (4th Cir. 1998).

4

"Conditions of release are not custody. For the purpose of calculating credit for time served under 18 U.S.C. § 3585, 'official detention' means imprisonment in a place of confinement, not stipulations or conditions imposed upon a person not subject to full physical incarceration." United States v. Insley, 927 F.2d 185, 186 (4th Cir. 1991) (quotation and citation omitted) (release conditions required defendant to reside with her parents and leave residence only to seek employment or to travel to work or church); see Reno v. Koray, 515 U.S. 50, 59 (1995) ("§ 3585(b) reduces a defendant's 'imprisonment' by the amount of time spent in 'official detention' before his sentence, strongly suggesting that the period of presentence 'detention' must be equivalent to the 'imprisonment' itself"); United States v. Guntharp, 420 Fed. App'x 252, *1 (4th Cir. 2011) (unpublished); Paul v. Bragg, 454 Fed. App'x 380, 381 (5th Cir. 2011) (unpublished). The Supreme Court in Koray specifically held that "time spent at the Volunteers of America community treatment center while 'released' on bail pursuant to the Bail Reform Act of 1984 was not 'official detention' within the meaning of 18 U.S.C. § 3585(b)" and therefore the petitioner was not entitled to jail credit. Koray, 515 U.S. at 64. The Court also rejected the suggestion that the restrictiveness of the conditions of release to a community treatment facility was somehow relevant to the jail credit issue. Id. at 62-63. The Court held that regardless of the restrictiveness of confinement, release pursuant to the Bail Reform Act of 1984 is not subject to the control of the Attorney General and the Bureau of Prisons and thus do not amount to "in custody" for purposes of Section 3585. See Id.

On May 18, 2005, Woods was released on a personal recognizance bond, with general conditions of pretrial release including home detention. The district court also permitted petitioner to remain on release throughout the pendency of his criminal trial, and following his

5

conviction until he was sentenced. On April 30, 2007, Woods was remanded to federal custody. Thus, Woods is not entitled to any credit towards his sentence or period of supervised release for the time he spent on pretrial release and including home detention prior to sentencing.

Petitioner next contends he should have been provided notice that he would not receive credit for the period of time spent on home confinement. He asserts that the failure to provide this notice constitutes a violation of his Fifth Amendment due process rights. However, Koray and Insley, which held that an individual's release on bond clearly does not constitute "official detention", and does not satisfy the requirements of 18 U.S.C. § 3585(b), were clearly established and controlling precedent at the time of petitioner's arrest and subsequent release on a personal recognizance bond. Thus, his claim fails.

Petitioner also makes an Equal Protection Clause claim. The Equal Protection Clause provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV., § 1. The Clause is "essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (internal quotation marks omitted). The Supreme Court applied the clause against the federal government in Bolling v. Sharpe, 347 U.S. 497 (1954). Under an equal protection analysis, if a classification would violate the Equal Protection Clause of the Fourteenth Amendment, then it also violates the Fifth Amendment's Due Process Clause as a matter of law. See Johnson v. Robinson, 415 U.S. 361, 364 n.4 (1974).

At the time petitioner was ordered to remain on home confinement pending sentencing, he was not similarly situated to an individual in federal custody, in service of a federal sentence. The period of time petitioner seeks credit for occurred prior to the imposition of his federal

6

sentence, and prior to his being remanded to federal custody for service of his sentence. The Elderly Offender Home Detention Pilot Program to which petitioner refers, was a special, limited program authorized by Congress through the Second Chance Act. The Act directed the Attorney General to conduct a pilot program during fiscal years 2009 and 2010 to determine the effectiveness of removing certain elderly offenders from BOP facilities to home detention until their terms of confinement have expired. See 42 U.S.C. § 17541(g)(1)(A) and 17541(g)(3). The pilot program was authorized to run from October 1, 2008, through September 30, 2010. The pilot program was open only to elderly inmates serving a federal sentence, who also met certain stringent criteria.

As clearly stated in the Operations Memorandum, and in the text of 42 U.S.C. § 17541(g)(5), to be eligible for participation in the Elderly Offender pilot program, and to receive credit for time spent in home detention, an individual had to be in service of a federal sentence. Petitioner cannot establish that his time spent on release, and subject to various conditions of release including home confinement, is in any way the equivalent to an individual serving a sentence. His time spent in home detention was not done so in service of a federal sentence, nor was he in the custody of the BOP, as required for credit or participation in the pilot program pursuant to 42 U.S.C. § 17541(g). Thus, petitioner was not similarly situated to that of an elderly offender in service of a federal sentence, and his right to equal protection has not been violated. Petitioner's equal protection argument fails, and he is not entitled to credit for his time spent on home confinement. Additionally, Title 42 U.S.C. § 17541(g)(5) sets forth several criteria which must be satisfied in order for an individual to qualify as an "eligible elderly offender." Petitioner, in his pre-sentence status, did not meet the criteria, including the minimum eligible

7

age of 65. (D.E. 9, Declaration of Patricia Kitka, ("Kitka Decl."), Exhibit 10 which references year of birth as 1959).

## CONCLUSION

Accordingly, the motion for summary judgment is GRANTED and the case is DISMISSED and CLOSED (D.E. 7). Having so determined all other pending motions are DENIED as MOOT (D.E. 15).

SO ORDERED, this 24 day of July 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE
8